IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 18 CR 852 |
| v. ) | |
| ) | Hon. Rebecca R. Pallmeyer |
| RAYMOND WU ) | |

### DEFENDANT RAYMOND WU'S SUPPLEMENTAL MEMORANDUM CONCERNING IMPLEMENTATION OF THE COURT'S DECISION

Defendant RAYMOND WU, by the FEDERAL DEFENDER PROGRAM and its attorney DANIEL J. HESLER, submits the following supplemental memorandum concerning implementation of the Court's oral ruling on October 11, 2019, concerning modification of Mr. Wu's conditions of bond.

1. Mr. Wu has been on bond for over six months now, on home incarceration with electronic monitoring. The time has been uneventful. He has come to court as required, visited his attorneys often, and kept in touch with pretrial services as directed. He has been out of his house probably dozens of times, with permission, and there have been no problems. He is not fleeing.

2. On October 4, 2019, Mr. Wu (through counsel) filed a motion to modify various conditions of his bond. He asked to be moved from home incarceration status to curfew, and asked to be permitted some internet access and slightly more phone access than he had. Pretrial Services agreed with the request to move him to curfew status, and took no position on the other requests.

1

3. On October 11, this Court held a hearing on these requests, and orally granted the motion in part and denied it in part. Essentially, the Court said that it was ok for Mr. Wu to seek employment, and to work. The Court asked the defendant to submit an order effectuating that ruling. The government and defense have each submitted draft orders.[1]

4. There are several impracticalities built into the government's proposed order.

5. The first problem with the government's draft order is that essentially says that Mr. Wu can <u>only</u> look for a job on the internet. The problems with that are 1) the types of employment Mr. Wu is seeking are things where one is more likely to be hired walking into the place and filling out an application; 2) Mr. Wu does not have any regular access to the internet or email, and he cannot make outgoing calls to anyone except his family and his attorney and pretrial, so if he gets a response, he is unlikely to be able to respond in any prompt or responsible manner; and 3) the government's order requires Mr. Wu to file a separate motion and come back to court if he is offered a job, which builds an impractical delay into accepting the kinds of jobs that he is seeking.

---

[1] *See* Exhibits A & B. The Court also suggested that defense counsel might file a further motion asking for more narrowly tailored phone and/or internet access, and counsel intends to do that, but this present supplemental memorandum is not that motion, yet. This memorandum is only addressing issues relating to employment.

6. With respect to the type of job he is seeking, it was discussed in court that Mr. Wu is looking for something very concrete. The idea of Starbucks was discussed with approval by the Court. Whatever it is, it should be something with a fixed and verifiable address, verifiable hours, an hourly wage, and tasks which employers routinely supervise. Some examples might be food service, retail, or factory work. If he touches money at all (which does happen in retail) it would be with a register that is counted at the end of each shift. Employers do not build any significant degree of trust into seasonal, factory, or retail jobs, and Mr. Wu would not seek or take a position that involved significant trust or discretion. He would probably be earning minimum wage, and such jobs are often hired based on people walking into the establishment and filling out applications. In his situation, this seems like the most sensible way for Mr. Wu to pursue a job, and he should be permitted to do so. While the Court did say that Mr. Wu could use the internet as his attorney's office, it does not make sense that the order should be written so that that is his only method.

7. Additionally, the restrictions on Mr. Wu's phone and internet access make an internet-only job search particularly unworkable. He has a phone that has only a small number of outgoing numbers built into it, and he has no voicemail. He may be his lawyer's office once or twice a week, but that is probably not enough to

allow him to promptly return an email to get a job. An internet-only process seems like a formula for failure in these circumstances.

8. Finally, the government's proposed order has a requirement built into it that if Mr. Wu is offered employment, he must file a further motion and bring the matter before the Court again. One, Mr. Wu will not seek any job that does not meet the criteria that have been discussed above. Two, essentially the government's order would have the Court take over the role of the pretrial services officer. And three, if Mr. Wu is offered a job, he would like to be able to say "Yes. When do you want me to start?" Particularly when a defendant's performance on bond has been satisfactory over a six month period, it seems like the simplest (and least restrictive) version of bond conditions is appropriate. If the Court is going to permit Mr. Wu to work, pretrial services, and not the Court, should be permitted to supervise that. And in this situation, it was pretrial services' opinion that simply a curfew was sufficient. The Court does not have to revisit that decision at this time, but it is hoped that simpler, less cumbersome set of bond conditions, such as those proposed by the defense, could be entered.

## Conclusion

The basic command of 18 U.S.C. §3142(c) is that a defendant should be released on the least restrictive conditions necessary to reasonably assure the appearance of the defendant and the safety of the community. Whatever Mr. Wu's

4

history is, his performance on bond in this case has been excellent. It is respectfully suggested that the defendant's proposed modifications of conditions of release would effectuate the Court's prior oral ruling in a way consistent with what the Court ordered, and with the requirements of 18 U.S.C. §3142(c).

                    Respectfully submitted,

                    FEDERAL DEFENDER PROGRAM
                    John F. Murphy
                    Executive Director

                    By: *s/ Daniel J. Hesler*
                        Daniel J. Hesler

DANIEL J. HESLER
FEDERAL DEFENDER PROGRAM
55 E. Monroe St., Suite 2800
Chicago, IL 60603
(312) 621-8347

## CERTIFICATE OF SERVICE

The undersigned, Daniel J. Hesler, attorney with the Federal Defender Program hereby certifies that in accordance with FED.R.CRIM. P. 49, FED. R. CIV. P5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document(s):

DEFENDANT RAYMOND WU'S SUPPLEMENTAL MEMORANDUM
CONCERNING IMPLEMENTATION OF THE COURT'S DECISION

was served pursuant to the district court's ECF system as to ECF filings, if any, and were sent by first-class mail/hand delivery on October 28, 2019, to counsel/parties that are non-ECF filers.

FEDERAL DEFENDER PROGRAM
John F. Murphy
Executive Director

By: *s/Daniel J. Hesler*
Daniel J. Hesler

DANIEL J. HESLER
Federal Defender Program
55 E. Monroe St., Suite 2800
Chicago, IL 60603
(312) 621-8347

# EXHIBIT A

Defendant Proposed Order

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 18 CR 852 |
| v. | ) |
| | ) Hon. Rebecca R. Pallmeyer |
| RAYMOND WU | ) |

## ORDER

Having been informed of the relevant circumstances, Defendant Raymond Wu's motion to modify conditions of bond is granted in part. More specifically, Mr. Wu shall be permitted to leave his residence to seek employment. Mr. Wu must provide pretrial services with advance notice of where he intends to go, and with any requested documentation of his job search. If he finds employment, Mr. Wu should be permitted to leave his residence for employment purposes, and should provide any requested documentation to pretrial services.

ENTER: _____

Rebecca R. Pallmeyer
Chief U. S. District Judge

DATE: _____

# EXHIBIT B

## Government Proposed Order

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 18 CR 852 |
| v. | ) |
| | ) Hon. Rebecca R. Pallmeyer |
| RAYMOND WU | ) |

### ORDER

Having been informed of the relevant circumstances, defendant Raymond Wu's motion to modify conditions of bond is granted in part. Specifically, Mr. Wu shall be permitted to seek employment through the use of the internet, with his internet use being supervised by defense counsel. If Mr. Wu is required to appear for an in-person job interview, Mr. Wu must provide pretrial services with advance notice of the interview and any requested documentation, as well as information concerning the interview, including, but not limited to, the date, time, and address, the name of the interviewer, and a description of the company and job. If Mr. Wu is hired by a company, defense counsel for Mr. Wu should file a motion with the Court, so that the Court can review the matter.

ENTER: _____
Rebecca R. Pallmeyer
Chief U. S. District Judge

DATE: _____