UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RAYMOND WU | No. 18 CR 852<br><br>Rebecca R. Pallmeyer |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
SUPPLEMENTAL MOTION TO MODIFY CONDITIONS OF BOND**

The United States of America, by JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, respectfully requests that the Court deny defendant Raymond Wu's motion to modify the existing conditions of bond.

**Bond Conditions Should Not be Modified:** The government respectfully requests that the defendant's conditions of bond remain in place as originally ordered.

• Defense counsel argues that the existing conditions are working, and the last six months have been uneventful. Since the conditions appear to work, it makes sense to leave them in place, since the goal was to protect the public and prevent flight.

• At the detention hearing, Wu's parents stated that they were willing and able to house and support Wu in home incarceration. Wu's parents stated that they had the financial ability to support Wu during his home incarceration.[1] Wu's parents have not filed an affidavit or provided other supporting documentation showing that their financial

---

1 This is based on the undersigned's recollection of the statements made by Wu's parents.

1

situation has changed. Although Wu would like to get out of the house to work, the need to protect the community and to prevent Wu from fleeing outweighs any need for Wu to work.

- The judicial system has failed to deter Wu from committing crime. Wu has repeatedly lied and violated court orders. The conditions of release should remain in place because the defendant cannot be trusted to obey the Court's orders, and to refrain from fleeing or committing crime, based on less restrictive conditions. Wu cannot be trusted or adequately supervised while working or looking for work.

**Wu Previously Lied About his Employment to Conceal his On-going Fraud:**

Wu lied to probation about his employment for a full year, throughout 2018, filing false reports every month for twelve months. Wu lied about his income in order to conceal the fact that he was obtaining funds from investors. Although Wu was on Supervised Release during that time, and was supposed to be paying restitution based on his income, Probation was not able to sufficiently monitor Wu.

Wu lied to Pretrial Services in California about his employment (and his prior travel). Wu also lied to Pretrial Services in Chicago about his employment.

Wu's actions show that he cannot be trusted to be truthful about his employment or his job hunt. Wu cannot be sufficiently monitored and he cannot be sufficiently trusted to allow him to be released from home incarceration.

**Wu Has an Overwhelming Track Record of Dishonesty and Deceit:**

• As this Court knows, Wu has a 2016 criminal conviction for fraud. Wu pled guilty in Milwaukee to defrauding investors of at least $800,000, based on false representations to those investors. According to the Plea Agreement:

- Wu lied to investors' about how their funds would be used;

- Wu lied about the amount of money that he had personally invested;

- Wu lied about having certain contracts;

- Wu provided false financial information to investors;

- Wu created a fake business appraisal that he provided to investors; and

- Wu forged signatures on various documents, including fake contracts.

• Wu lied to the Court in Milwaukee, and to Pretrial Services in Milwaukee and provided false financial information. By doing so, Wu concealed the fact that he had collected more than $1 million from other investors prior to his sentencing in Milwaukee in 2017.

• Wu lied to investors and his family while on Pretrial Release. Before reporting to prison (and while on Pretrial Release) Wu told certain investors and his family that he was going to be out of touch for approximately one year, and provided various false explanations, including that he was going to go (and did go) on a yearlong trip to find new

3

investments, or to be treated for pancreatic cancer.[2]

- While on Supervised Release, Wu fraudulently attempted to obtain $200,000 from a victim investor (Sou W-L), as shown by text messages between Wu and the victim investor.

- While in a half-way house, Wu lied to investors and family about having been in prison, in order to conceal that he had been incarcerated for committing fraud.

- Wu attempted to obstruct the FBI investigation. On or about January 20, 2019, Wu sent an email to his sister, in which Wu directed his sister to "reinforce" with his parents, that his parents should "not engage or speak" to the FBI agent investigating the case. Wu sent that email while he was in custody in California, based on his arrest in the instant case.

**Wu Should Not be Allowed to Wander Around Looking for Work:**

Defense counsel argues Wu should be allowed to travel anywhere, anytime, to look for work. That type of activity cannot be adequately monitored.

Defense counsel argues that the logistics of finding employment over the internet are too complex and doing so is unworkable. It is the government's position that the defendant should not be allowed to work, and therefore should not look for work.

However, if the defendant really wanted to find a job, he would take the steps

---

[2] The defendant raised money from three of those investors (Tom P., Stan F. and Sou W-L) both before and after his incarceration. Specifically, after the defendant was released from custody, he obtained $130,000 from Tom P., and $125,000 from Stan F., as well as $100,000 from Sou W-L.

4

needed, via the internet, to do so. Instead, the defendant appears to be seeking a way to get out of the house in a manner that cannot be adequately monitored.

The internet can be used to successfully find jobs. Many companies, including Starbucks, and major grocery stores such as Mariano's and Jewel, provide opportunities to apply for jobs on-line. There are various job websites, such as "Indeed", that list hundreds of jobs with on-line applications.

### If the Court Allows the Defendant to Work, the Parties Should Appear Again:

Defense counsel argues that having a status is too cumbersome, and Pretrial Services, not the Court, should supervise Wu's obtaining a job. That argument should be rejected. If Wu finds a job, and the Court determines that it is appropriate for the defendant to work, then it will be necessary to establish new conditions of release relating to the defendant's employment.

**Wu Should Be Required to be Truthful in Applying for Work:** If Wu is allowed to apply for jobs, Wu should be required to be truthful. Specifically, Wu should be required to disclose his prior conviction, if the job application process asks a question that would call for that information. Wu should also disclose the time he spent in prison, as part of his background information, rather than identifying that as being a time period when he was running his company. In addition, Wu should disclose the pending indictment so that potential employers will understand that his employment may be for only a limited time period, given the possibility that he will be sentenced to prison.

5

## **Conclusion**

The government respectfully requests that the Conditions of Release remain the same. The defendant presents a risk of flight and a danger to the community, and there are no less restrictive conditions that will prevent flight or protect the community. The defendant has repeatedly lied and violated court orders. The defendant has defrauded and lied to investors. There is a tremendous likelihood that the defendant's parents will lose their home if less restrictive conditions are imposed. The government respectfully requests that the Court deny the defendant's motion to modify the conditions of release.

    Respectfully submitted,

    JOHN R. LAUSCH, JR.
    United States Attorney

By:   *s/ Jacqueline Stern*
    JACQUELINE STERN
    Assistant U.S. Attorney
    219 South Dearborn St., Rm. 500
    Chicago, Illinois 60604   (312) 353-5329