IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 18 CR 852 |
| v. ) | |
| ) | Hon. Rebecca R. Pallmeyer |
| RAYMOND WU ) | |

DEFENDANT WU'S MOTION TO RESET TRIAL DATE

Defendant RAYMOND WU, by the FEDERAL DEFENDER PROGRAM and its attorney DANIEL J. HESLER, hereby requests that the trial date which is presently set for April 6, 2020 be reset to sometime in the late fall or winter. It is the defense's belief that a trial will not be necessary in this case, but this case is complex, and a plea may be complicated, and additional time to review and prepare for a plea, and/or a trial is necessary. Defendant further states as follows:

1. Raymond Wu was charged by complaint in this case in December of 2018. He was arrested in California, transferred here, and released on bond in April of 2019. Present defense counsel was appointed in July. In August, trial was set for April 6, 2020.

2. This is a complex case. The charged offense specifically alleges one wire transaction from 2014, but also discusses a variety of other events between 2014 and 2018. The government has tendered a plea agreement which would hold Mr. Wu responsible for other losses occurring over approximately nine years of

1

financial dealings involving numerous other people and transactions. Moreover, there are some cases of this sort where there are cookie-cutter repeated behaviors; this is not such a case. Getting a grip on one part of the case does not necessarily increase one's understanding of anything else.

3. It seems likely that this case will be resolved by a plea.[1] Without making any formal concessions, the discovery strongly suggests that Mr. Wu made misstatements that may have been material to financial decisions made by people involved with Mr. Wu. At the same time, that does not mean that everything Mr. Wu has ever done is fraudulent, and there is ample evidence that that is not the case. The distinctions are in the details, and this requires review of voluminous emails and other records. The defense has been working assiduously at this for months now, but it is an arduous process. For a variety of reasons, it is not going as quickly as had been hoped.

4. Thus, the choices Mr. Wu has before him are to go to trial, plead blind, or accept the government's proposed plea, although the present draft seems to have several glass-half-empty assumptions built into it. As discussed, trial seems like a bad option. But right now, a blind plea would be a truly blind plea. Defense counsel has not come to many conclusions about which parts of the government's

---

[1] Obviously, pursuant to FRCrP 11(c)(1), the Court cannot participate in plea discussions, but information about that process is being provided simply for the purposes of explaining the defense's request for an extension of the trial date.

2

loss calculations are correct or not. And with a trial of this sort, the government's trial preparation would probably begin at least 30 days before the trial date. Thus, even if a blind plea were entered in February, it is likely that the defense would be asking for a six month delay in the sentencing in order to continue with the process of dissecting underlying materials that is already ongoing. Additionally, although a plea could be entered now, there might be some question about how knowing and intelligent a plea could be if made prior to carefully sorting through all the communications and financial records in a case like this, not to mention whether counsel (who also has a full caseload and other responsibilities) would be meeting his professional responsibilities to Mr. Wu.

5. For this reason, the defense hereby requests that the trial date presently scheduled for April 6, 2020 be moved to sometime in the late fall of 2020, or possibly into next winter. The goal would be to have a plea entered by the end of September, well in advance of any trial date.

6. Mr. Wu is on bond, with electronic monitoring. There have been no reported violations of bond conditions whatsoever. He is employed, and he is also actively engaged in assisting his appointed counsel.

## Conclusion

Wherefore, for all these reasons, the defense respectfully requests that the trial in this case be reset from April 6, 2020, to a date in late 2020 or early 2021.

Respectfully submitted,

FEDERAL DEFENDER PROGRAM
John F. Murphy
Executive Director

By: s/ Daniel J. Hesler
      Daniel J. Hesler

DANIEL J. HESLER
FEDERAL DEFENDER PROGRAM
55 E. Monroe St., Suite 2800
Chicago, IL   60603
(312) 621-8347

# **CERTIFICATE OF SERVICE**

     The undersigned,<u>    Daniel J. Hesler    </u>, an attorney with the Federal Defender Program hereby certifies that in accordance with FED.R.CIV.P5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document(s):

DEFENDANT WU'S MOTION TO RESET TRIAL DATE

was served pursuant to the district court's ECF system as to ECF filings, if any, and were sent by first-class mail/hand delivery on <u>December 19, 2019</u>, to counsel/parties that are non-ECF filers.

                By:    */s/Daniel J. Hesler*
                         DANIEL J. HESLER
                         FEDERAL DEFENDER PROGRAM
                         55 E. Monroe St., Suite 2800
                         Chicago, Illinois 60603
                         (312) 621-8347