IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 18 CR 852 |
| v. | ) |
| | ) Hon. Rebecca R. Pallmeyer |
| RAYMOND WU | ) |

DEFENDANT RAYMOND WU'S MOTION FOR
MODIFICATION OF CONDITIONS OF BOND
TO ALLOW ADDITIONAL TELEPHONE OR INTERNET ACCESS

Defendant RAYMOND WU, by the FEDERAL DEFENDER PROGRAM and its attorney DANIEL J. HESLER, moves this Court to modify the conditions of bond for Mr. Wu by allowing some additional telephone and/or internet access. Essentially, Mr. Wu has now been on bond for over ten months uneventfully, and there are aspects of life for which one needs to communicate with the outside world. In support of this motion, defendant states the following:

1.     On December 18, 2018, Raymond Wu was arrested in Los Angeles. He was removed to this district in custody. On April 3, 2019, Mr. Wu was released on $300,000 secured bond, with conditions including home incarceration with EM. Trial is currently set for August 17, 2020.

2.     The command of the bond statute, at 18 U.S.C. §3142(c)(1), is that a defendant should be released on the least restrictive conditions necessary to reasonably ensure the appearance of the defendant and the safety of the

community. It is the defendant's position that the uneventful passage of time on bond can change the calculus of what conditions are necessary to reasonably ensure the appearance of the defendant and the safety of the community. *See United States v. Hutchins,* 298 F. Supp. 3d 1205 (E.D. Wis. 2017) ("When defendants establish that they will abide by their obligation to appear in court, logic dictates that the justification for imposing the existing release conditions lessens. ... Put differently, if the Bail Reform Act requires no more than the least restrictive conditions needed to reasonably assure the defendant's appearance, then consistent compliance with existing conditions counsels in favor of reducing their severity on the theory that lesser conditions will suffice.")

3. Mr. Wu is doing very well on bond. Over ten months have elapsed, and Mr. Wu has attended each court date on time. There have been no reported violations of his electronic monitoring conditions or any other pretrial conditions, no positive drug tests, and no arrests or police contacts. He is now working two hourly jobs. Since he started working, he has restarted making payments (so far, approximately $125 per month) towards his prior restitution order. There is simply nothing that has happened since his release indicating any danger to anyone.

4. The intent of this motion is simply to allow Mr. Wu to function in modern society. He would like to be able to address some of his bills and debts in a 21st century manner, and things of that sort. He does not want to go back into

business for himself, he does not want to do anything to affect his case, he does not want to contact witnesses, and he does not wish to cause more trouble for himself. He just wants to be able to, for example, schedule an appointment with a doctor without having to ask his mother to make the appointment for him. Or order a pizza.

5. The bond conditions in this case originally stated "Defendant will not access any device that has internet access…" and "Defendant will not use the phone except to communicate with his attorneys, his parents, or his sisters." This Court has since then authorized Mr. Wu to use the internet at his attorney's office in his job search, and to use the telephone for purposes ancillary to the job search and trial preparation. (That definitely does <u>not</u> include contact with any potential witnesses or anyone connected with this case.) He has a phone that has no internet access. Counsel and Mr. Wu think he is permitted to use a phone to call work if necessary, but the docket does not reflect that. (Counsel thinks that was said in court, but if nothing else, hopefully this can be clarified.)

6. Mr. Wu's defense counsel, with Mr. Wu present, occasionally check his prior email accounts. The recent activity includes unpaid bills, and correspondence about collections. Mr. Wu's life changed suddenly when he was arrested in December of 2018. Essentially, Mr. Wu has left all those things unanswered; pursuant to this Court's bond conditions, he is not permitted to use

3

the internet except at his attorney's office for specified purposes, nor use a telephone to call anyone except his family or his attorney. Additionally, his parents removed the internet from their home, in order to make sure that there was no question about Mr. Wu's bond compliance.

7. With respect to internet access, again, Mr. Wu has no problem with the idea that he should be prohibited from contacting any possible victim in this case. Mr. Wu would like to be able to use the internet for the normal purposes people use the internet, to communicate with his counsel, and to assist in the preparation of his case for trial and/or sentencing. The following condition is proposed:

> The condition of release prohibiting internet access use is modified to permit Mr. Wu to access the internet, with the exception that he may not contact directly or indirectly anyone the government has identified as a victim of this offense except through counsel.

8. Mr. Wu would like to be able to use a phone for general purposes. It would be understood that Mr. Wu still cannot contact, call, or communicate anyone who could be labeled a victim in this case except through counsel. Mr. Wu suggests the following language:

> The condition of release prohibiting phone use is modified to permit Mr. Wu to use a telephone, with the exception that he may not contact directly or indirectly anyone the government has identified as a victim of this offense except through counsel.

9. Furthermore, as an added safeguard, the defense has no objection to adding the following catchall provision to his bond conditions:

> Mr. Wu is furthermore prohibited from engaging in any business or financial transactions or dealing involving investments or loans or other people's money. Mr. Wu is furthermore prohibited from engaging in any financial transaction involving more than $500 without notifying his pretrial services officer in advance. This prohibition does not preclude Mr. Wu's counsel from communicating with or providing information to any victim of the offense or their counsel.

The intent of this provision is simple; to state in clear terms that, while on bond, Mr. Wu cannot continue to engage in the business or businesses (or anything even remotely like them) that he was previously engaged in. Between the proposed conditions, Mr. Wu cannot engage in financial business with anyone he was previously involved with, nor anyone new. Mr. Wu understands and accepts this, and the defense does not object to this being made an explicit condition of his bond.

10. Additionally, Mr. Wu and his counsel have discussed and understand that access to the internet would not in any way, shape, or form permit Mr. Wu to delete or alter any evidence potentially relevant to this case that might exist anywhere. No specific bond condition is required addressing this; such actions, if undertaken by Mr. Wu or any other person, are already prohibited by multiple federal criminal statutes.

11. Counsel has communicated with Mr. Wu's supervising pretrial services officer, Mr. Pace Morrison, concerning these matters. Pretrial services takes no position as to the proposed changes in internet or phone access, as pretrial has no ability to monitor those things anyways.

12. Counsel is aware of the requirement attached to the order setting conditions of release that any request to modify conditions of release requires notice to the sureties and filing that notice with the Court. Mr. Wu's parents are sureties in this case. Counsel is also aware of the general prohibition against putting home addresses onto ECF. Counsel plans to hand deliver this motion and a notice document to Mr. Wu's parents at their home, and hopefully have them present in court.

It is respectfully suggested that the proposed modifications of conditions of release would continue to ensure the appearance of the defendant and the safety of the community, while being true to the idea that bond conditions should be the least restrictive conditions necessary to do so. For all these reasons, defendant Wu respectfully requests this Court to modify his conditions of release to permit some phone and internet use as outlined above.

                                        Respectfully submitted,

                                        FEDERAL DEFENDER PROGRAM
John F. Murphy
Executive Director


By: *s/ Daniel J. Hesler*
      Daniel J. Hesler


DANIEL J. HESLER
FEDERAL DEFENDER PROGRAM
55 E. Monroe St., Suite 2800
Chicago, IL   60603
(312) 621-8347

# CERTIFICATE OF SERVICE

The undersigned,<u>    Daniel J. Hesler    </u>, an attorney with the Federal Defender Program hereby certifies that in accordance with FED.R.CIV.P5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document(s):

DEFENDANT RAYMOND WU'S MOTION FOR
MODIFICATION OF CONDITIONS OF BOND
TO ALLOW ADDITIONAL TELEPHONE OR INTERNET ACCESS

was served pursuant to the district court's ECF system as to ECF filings, if any, and were sent by first-class mail/hand delivery on <u>February 11, 2020</u>, to counsel/parties that are non-ECF filers.

                      By:    */s/Daniel J. Hesler*
                               DANIEL J. HESLER
                               FEDERAL DEFENDER PROGRAM
                               55 E. Monroe St., Suite 2800
                               Chicago, Illinois 60603
                               (312) 621-8347