**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**SECOND AMENDED GENERAL ORDER 20-0012**

**March 30, 2020**

**IN RE: CORONAVIRUS COVID-19 PUBLIC EMERGENCY**

Given the public health emergency arising from the COVID-19 pandemic, and consistent with guidance and orders from federal executive authorities, the State of Illinois, and local governments, it is hereby ORDERED:

Amended General Order 20-0012, entered on March 17, 2020, and General Order 20-0014, entered on March 20, 2020, are vacated and superseded by this Second Amended General Order 20-0012. To protect the public health and welfare, the United States District Court for the Northern District of Illinois hereby orders, effective March 30, 2020:

**Court Remains Open**

1. This Court remains open and accessible, subject to the limitations and procedures set forth below.

**Civil Cases**

2. Amended General Order 20-0012 extended by 21 days all deadlines, in all civil cases and Executive Committee matters, whether set by the court, the Federal Rules of Civil Procedure, or the Local Rules. This Second Amended General Order extends all deadlines in civil cases and Executive Committee matters by an additional 28 days. These extensions were and continue to be subject to the following exceptions:

   a) Amended General Order 20-0012 did **not** affect, and this Second Amended General Order does **not** affect, the rights to or deadlines concerning any **appeal** from any decision of this Court in a civil case. That is, the deadlines for filing a notice of appeal in a civil case remain in place and must be followed to preserve appellate rights. The Court invites parties to move under Appellate Rule

4(a)(5)(A) for an extension of time to appeal. If a timely extension motion is filed, then the Court deems that good cause exists for the extension given the public health emergency. Parties should note that any extensions of the appeal deadlines in civil cases are subject to the limits imposed by Appellate Rule 4(a)(5)(C), and that the Court cannot grant a second extension under Appellate Rule 4(a)(5).

b) Amended General Order 20-0012 did **not** grant, and this Second Amended General Order does **not** grant, an extension of any deadlines imposed by Civil Rules 50(b) or (d), 52(b), 59(b), (d), or (e), or 60(b). See Fed. R. Civ. P. 6(b)(2).

c) The presiding judge, on a case-by-case basis and for good cause, may extend, shorten, or revoke the 21-day extension granted by Amended General Order 20-0012 and/or the 28-day extension granted by this Second Amended General Order.

3. Civil case hearings, bench trials, and settlement conferences scheduled for on or before May 1, 2020 are stricken, to be re-set by the presiding judge to a date on or after May 4, 2020. Civil jury trials scheduled for on or before May 29, 2020 are stricken, to be re-set by the presiding judge to a date on or after June 1, 2020.

**Criminal Cases**

4. The Court recognizes and respects the right of criminal defendants, particularly those in pretrial detention, to a speedy and public trial under the Sixth Amendment. That said, the public health emergency requires that the following procedures be implemented in criminal cases:

a) All criminal case proceedings, whether in the Eastern or Western Division, that cannot be continued will be conducted in the Eastern Division by emergency district judges designated by the Chief Judge.

b) Grand juries shall continue to meet, with reasonable limits on grand jury sessions imposed by the Court in consultation with the U.S. Attorney's Office.

c) Under Criminal Rule 4.1, a judge may review by reliable electronic means, rather than in person, a complaint, application for search warrant or trap/trace/pen register, application for wire tap, or application for any other warrant or order.

d) Under Section 15002(b)(1) of the CARES Act, Pub. L. 116-136, 134 Stat. 281, the Chief Judge of this Court authorizes the use of videoconferencing, or teleconferencing if videoconferencing is not reasonably available, for the following proceedings, so long as the defendant gives written or verbal consent after consultation with counsel:

    i.    Detention hearings under 18 U.S.C. § 3142;

    ii.    Initial appearances under Criminal Rule 5;

    iii.    Preliminary hearings under Criminal Rule 5.1;

    iv.    Waivers of indictment under Criminal Rule 7(b);

    v.    Arraignments under Criminal Rule 10;

    vi.    Probation and supervised release revocation hearings under Criminal Rule 32.1;

    vii.    Pretrial release revocation hearings under 18 U.S.C. § 3148;

    viii.    Appearances under Criminal Rule 40;

    ix.    Misdemeanor pleas and sentencings under Criminal Rule 43(b)(2); and

    x.    Juvenile proceedings under Title 18, Chapter 403, except for contested transfer hearings, juvenile delinquency adjudication, or trial proceedings.

e) A defendant who does not object to detention shall, before the scheduled detention hearing, notify the emergency judge orally (through counsel) or in writing that the defendant has no objection to detention. The decision to not

object is without prejudice to the defendant's right to later challenge detention and seek pretrial release.

f)  All supervised release revocation hearings scheduled for on or before May 1, 2020 are continued and will be rescheduled by the presiding judge to a date on or after May 4, 2020, unless the defendant, defense counsel, the United States Probation Office, or the United States Attorney's Office notifies the emergency judge that the hearing is necessary before May 4, 2020.

g)  All plea hearings and sentencing hearings scheduled to begin on or before May 1, 2020 are continued and will be rescheduled by the presiding judge to a date on or after May 4, 2020, unless the defendant, defense counsel, or the United States Attorney's Office notifies the emergency judge that circumstances justify holding the plea or sentencing hearing before May 4, 2020. If the parties agree to invoke Section 15002(b)(2)(A) of the CARES Act to conduct a felony plea hearing or felony sentencing hearing by videoconferencing or teleconferencing, they shall notify the emergency judge, who will consult with the Chief Judge and the presiding judge regarding the findings required by Section 15002(b)(2)(A). Felony plea hearings and felony sentencing hearings may be held remotely by teleconferencing only if videoconferencing is not reasonably available.

h)  The court finds that the period of any continuance entered from the date of this Second Amended General Order through May 18, 2020 as a result of this Order shall be excluded under the Speedy Trial Act, 18 U.S.C. §3161(h)(7)(A). The court finds that the ends of justice served by the exclusion of time outweigh the interests of the parties and the public in a speedy trial given the need to protect the health and safety of defendants, defense counsel, prosecutors, court staff, and the public by reducing the number of in-person hearings to the greatest extent possible. This period of exclusion extends for two weeks beyond the

suspension through May 1, 2020 of criminal hearings because each judge will require a reasonable time to review and to reset case schedules after May 1, 2020.

i)   Criminal jury trials scheduled for on or before May 29, 2020 are stricken, to be reset by the presiding judge to a date on or after June 1, 2020. This continuance is necessary because criminal jury trials require: (i) the gathering of a large number of persons in the Jury Department; (ii) at least 12 jurors seated in the courtroom to hear evidence; (iii) 12 jurors to deliberate in the jury room; and (iv) at least four weeks' notice in advance of trial to summon jurors. Social-distancing guidelines render juror participation difficult or unsafe, and the current public health emergency renders it infeasible for the Clerk's Office to accomplish the mailing of juror summons. For these same reasons, in cases impacted by this trial continuance, the Court excludes time under the Speedy Trial Act through June 1, 2020, because the ends of justice outweigh the interests of the parties and the public in a speedy trial.

j)   All other criminal hearings, including bench trials, scheduled for on or before May 1, 2020 are stricken, to be re-set by the presiding judge to a date on or after May 4, 2020.

k)   The March 17, 2020 minute order entered in all criminal cases extended by 21 days all deadlines, including motions, briefing, and discovery deadlines, whether set by the court, the Federal Rules of Criminal Procedure, or the Local Rules. This Second Amended General Order extends all deadlines in criminal cases by an additional 28 days. The presiding judge, on a case-by-case basis and for good cause, may extend, shorten, or revoke the 21-day extension granted by the March 17, 2020 minute order and/or the 28-day extension granted by this Second Amended General Order. The parties are cautioned that Amended

General Order 20-0012 and the March 17, 2020 minute order did **not** affect the rights or deadlines concerning any **appeal** from any decision of this Court, except as noted in the Amended General Order; nor did the March 17, 2020 minute order or the Amended General Order affect any deadlines under Criminal Rule 35. See Fed. R. Crim. P. 45(b)(2). Likewise, except as noted in this Second Amended General Order, this Order does **not** affect the rights to or deadlines concerning any **appeal** from any decision of this Court or any action requested under Criminal Rule 35. Thus, the deadlines for filing a notice of appeal or seeking relief under Criminal Rule 35 remain in place and must be followed to preserve appellate rights. If the prior Amended General Order extended an appeal deadline, no further extensions are permitted. See Fed. R. App. 4(b)(4). For appeal deadlines that have arisen after March 17, 2020, on its own motion and pursuant to Appellate Rule 4(b)(4), and in light of the public health emergency, the Court (i) finds that good cause exists in every criminal case to extend the time to appeal for 30 days from the expiration of the time otherwise prescribed in Appellate Rule 4(b), and (ii) extends the appeal deadline in those criminal cases by 30 days.

**Emergency Relief in Any Case or from this Order**

5. Any party may seek emergency relief in any case or from this Second Amended General Order. In addition to filing the emergency motion in the case in which emergency relief is sought, the party must file the motion in Case No. 20-cv-01792, which is a docket created to receive emergency motions filed under this Second Amended General Order. The emergency motion must be filed (i) electronically via CM/ECF if possible or (ii) for non-e-filers, via email as outlined in Paragraph 11. If neither CM/ECF nor email is available to a party, then the party may deposit the emergency motion in a courthouse drop-box or mail the motion as provided in Paragraphs 7 or 8, but parties are warned

that mail is not being processed on a regular basis. The emergency motion will be considered as soon as practicable by the presiding judge, an emergency judge, or the Chief Judge.

6.  For an emergency matter, as defined by Local Rule 77.2(a)(3), that arises during business hours (Monday through Friday 7:00 a.m. through 6:00 p.m.), the party shall send an e-mail message describing the emergency to Emergency_Judge@ilnd.uscourts.gov. The Clerk will monitor the mailbox and send a response. If an emergency matter arises outside of business hours, the party shall call (312) 702-8875, leave a message describing the emergency, and provide a return telephone number. The Clerk will return the call.

**Clerk's Office and Filing Options**

7.  The District Court Clerk's Office in the Dirksen United States Courthouse in Chicago, Illinois, is closed to public entry through May 1, 2020. Filings in the Eastern Division may be: (1) electronically filed via CM/ECF; (2) deposited in the drop-box in the lobby of the Dirksen Courthouse during business hours; or (3) mailed to the U.S. District Court Clerk's Office, 219 South Dearborn Street, 20th Floor, Chicago, IL 60604, although mail is not being processed on a regular basis. If a filing is mailed by a prisoner, the traditional "mail box" rule shall govern its filing date. Given the public health emergency and the current inability of the Clerk's Office to process mail in the ordinary course, if a filing is mailed by a non-prisoner, the filing date shall be deemed to be the postmark date, subject to any party's right to move that a different date be used. No in-person deliveries of any kind may be made to a judge's chambers or to the Clerk's Office.

8.  The District Court Clerk's Office in the Stanley J. Roszkowski United States Courthouse in Rockford, Illinois, is closed to public entry through May 1, 2020. Filings in the Western Division may be: (i) electronically filed via CM/ECF; (ii) deposited in the drop box located on the 2nd floor of the Roszkowski United States Courthouse during business hours; (iii)

mailed to U.S. District Court Clerk's Office, 327 South Church Street, Rockford, IL 61101, although mail is not being processed on a regular basis; or (iv) deposited in the drop box in the lobby of the Dirksen Courthouse during business hours. If a filing is mailed by a prisoner, the traditional "mail box" rule shall govern its filing date. Given the public health emergency and the current inability of the Clerk's Office to process mail in the ordinary course, if a filing is mailed by a non-prisoner, the filing date shall be deemed to be the postmark date, subject to any party's right to move that a different date be used. No in-person deliveries of any kind may be made to a judge's chambers or to the Clerk's Office.

### Suspension of Local Rules 5.2(f) and 5.3(b)

9. The Court suspends Local Rule 5.2(f), which requires in many instances that paper courtesy copies of filings be delivered to the judge, through May 1, 2020. <u>This means that no courtesy copies may be submitted for filings made through May 1, 2020</u>.

10. Although parties may continue to file non-emergency motions, the Court suspends Local Rule 5.3(b), which otherwise requires that all motions be noticed for presentment, for all motions filed on or before May 1, 2020.

### Email Filing Option for Pro Se Parties

11. The Court suspends through May 1, 2020 the prohibition against pro se parties emailing their filings to the Clerk's Office. From now through Mary 1, 2020, the Court will accept filings from pro se litigants via email that comply with these requirements: (i) the filing must be in PDF format; (ii) the filing must be signed <u>s/ [filer's name]</u> or bear a handwritten signature; (iii) the email must be sent to Temporary_E-Filing@ilnd.uscourts.gov; (iv) the email must state the party's name, address, and phone number; (v) for existing cases, the email's subject line must read: "Pro Se Filing [Insert Your Case Number]", and for new cases, the email's subject line must read: "Pro Se

Filing in New Case". E-mails that do not comply with these requirements will not be reviewed and will not be considered a proper filing.

## Suspension of Public Gatherings

12. All public gatherings are suspended through May 8, 2020 at both the Everett McKinley Dirksen U.S. Courthouse in Chicago and the Stanley J. Roszkowski U.S. Courthouse in Rockford. This includes, but is not limited to, group tours and visits, moot courts and mock trials, bar group meetings, seminars, and naturalization ceremonies. Also suspended are Second Chance reentry court proceedings, SOAR Court, Veterans Treatment court proceedings, and Petty Offense (CVB) proceedings. Notwithstanding this suspension, court proceedings allowed by another provision of this Order may take place.

## Additional Provisions

13. This Second Amended General Order does not affect the authority of judges to enter orders in any civil or criminal cases.

14. The Court will vacate, amend, or extend this Second Amended General Order no later than April 24, 2020.

15. The Clerk of Court shall distribute this Second Amended General Order: by electronic service on all registered CM/ECF users; by electronically posting the Order on the Court's public website; by making printed copies available at the entrances of the Dirksen and Roszkowski Courthouses. In addition, the Clerk of Court shall send a copy of this Order, either electronically or by mail, to the Illinois Department of Corrections (IDOC), all IDOC prison or detention facilities, the Illinois Department of Human Services Division of Mental Health Treatment and Detention Facility, and all county jails in this District; the warden, sheriff, or director of each prison, jail, or detention facility is directed to use reasonable means to notify persons incarcerated or detained therein of this Order and to allow access to this Order. In addition, the Clerk of Court shall docket this Order

in each open civil and criminal case. Printed copies will not be mailed to non-CM/ECF

users due to the heavy burden such mailings would place on the Clerk's Office.

ENTER:

FOR THE COURT

_____
Chief Judge

Dated at Chicago, Illinois this 30th day of March, 2020