IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No. 18 CR 852 |
| v. ) | |
| ) | Hon. Rebecca R. Pallmeyer |
| RAYMOND WU ) | |

**DEFENDANT WU'S UNOPPOSED MOTION TO RESET
TRIAL DATE AND PLEA DEADLINES**

Defendant RAYMOND WU, by the FEDERAL DEFENDER PROGRAM and its attorney DANIEL J. HESLER, hereby requests that the trial date which is presently set for August 17, 2020 be reset to sometime in the early 2021, and that a date for a change of plea be set for late October, 2020. It remains the defense's belief that a trial will not be necessary in this case, but a combination of difficulties relating to the current pandemic and the complexity of this case have rendered the existing trial schedule and plea deadline impractical. The government does not oppose this motion. Defendant further states as follows:

1. Raymond Wu was charged by complaint in this case in December of 2018. He was arrested in California, transferred here, and released on bond in April of 2019. Present defense counsel was appointed in July of 2019. Trial is currently set for August 17, 2020, and the defense was going to try to enter a plea this month.

2. This is a complex case. The charged offense alleges one wire transaction from 2014, but also discusses a variety of other events between 2014 and 2018. The government has proposed a plea agreement which would hold Mr. Wu responsible for other losses occurring over approximately nine years of various financial dealings involving numerous other people.

3. It is likely that this case will be resolved by a plea. Without making any formal concessions, the discovery strongly suggests that Mr. Wu made misstatements that may have been material to financial decisions made by people involved with Mr. Wu. At the same time, that does not necessarily mean that everything Mr. Wu has ever done is fraudulent, and there is evidence that that is not the case. The distinctions are in the details, and this requires review of voluminous records. The unresolved issue in this case, from the defense perspective, is primarily the loss amount. The defense has been working assiduously on this case for months now. Counsel and Mr. Wu were meeting in person at least on a weekly basis for months, but the pandemic closed the Federal Defender Offices in mid-March. They are still not open. Counsel has been working, from home, but because of his bond conditions, Mr. Wu does not have internet access, and so counsel and client have not been able to continue the process of preparation for trial and/or a plea for several months.[1] Additionally,

---

[1] If the societal conditions for in-person meetings do not improve, the defense may

counsel has recently received returns from subpoenas for additional financial records in this case.[2] Those materials have not been processed by either side yet. The defense is not ready to enter a knowing and intelligent plea at this time.

4. For all these reasons, the defense hereby requests that the trial date presently scheduled for August 17, 2020 be moved to sometime into early 2021. The goal would be to have a plea entered by the end of October, well in advance of any trial date. The government, by AUSA Jackie Stern, is not opposing this request, with the caveats that the parties will request a trial date in early 2021, and will request that a change of plea date be set for the end of October.

5. Mr. Wu is on bond, with electronic monitoring. In over 13 months, there have been no reported violations of bond conditions whatsoever.

6. The defense has no objection to the exclusion of time due to the complexity of the case, for plea negotiations, and/or in the interest of justice.

---

ask at a later time to revisit the issue of getting some limited internet access for Mr. Wu.
   [2]Pursuant to this Court's order, those materials are being shared with the government.

**Conclusion**

Wherefore, for all these reasons, the defense respectfully requests that the trial in this case be reset from August 17, 2020, to a date in early 2021. It is further requested that a change of plea date be set for some time towards the end of October. It is further requested that time be excluded between now and the date of the trial in 2021.

 

Respectfully submitted,

FEDERAL DEFENDER PROGRAM
John F. Murphy
Executive Director

By: */s/ Daniel J. Hesler*
     Daniel J. Hesler

DANIEL J. HESLER
FEDERAL DEFENDER PROGRAM
55 E. Monroe St., Suite 2800
Chicago, IL   60603
(312) 621-8347

## **CERTIFICATE OF SERVICE**

The undersigned, <u>Daniel J. Hesler</u>, an attorney with the Federal Defender Program hereby certifies that in accordance with FED.R.CRIM. P. 49, FED. R. CIV. P5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document(s):

DEFENDANT WU'S UNOPPOSED MOTION TO RESET
<u>TRIAL DATE AND PLEA DEADLINES</u>

was served pursuant to the district courts ECF system as to ECF filings, if any, and were sent by first-class mail/hand delivery on <u>June 4, 2020</u>, to counsel/parties that are non-ECF filers.

                                           By: */s/ Daniel J. Hesler*
                                              Daniel J. Hesler
                                              FEDERAL DEFENDER PROGRAM
                                              55 E. Monroe St., Suite 2800
                                              Chicago, Illinois 60603
                                              (312) 621-8347