IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 18 CR 852 |
| v. | ) | |
| | ) | Hon. Rebecca R. Pallmeyer |
| RAYMOND WU | ) | |

### DEFENDANT RAYMOND WU'S MOTION FOR MODIFICATION OF CONDITIONS OF BOND TO REMOVE EM AND ALLOW LIMITED INTERNET AND TELEPHONE ACCESS

Defendant RAYMOND WU, by the FEDERAL DEFENDER PROGRAM and its attorney DANIEL J. HESLER, moves this Court to modify the conditions of bond for Mr. Wu by removing him from electronic monitoring and by allowing him limited internet and phone access. Essentially, Mr. Wu has now been on bond for over eighteen months uneventfully, and EM is no longer necessary, and he needs internet and phone access in order to continue to work on his case with his attorney. Pretrial Services agrees with the request to remove EM, and takes no position on the other requests, and the defense proposes three specific restrictions listed below to provide additional safeguards for the protection of the community. In support of this motion, defendant states the following:

1. On December 18, 2018, Raymond Wu was arrested in Los Angeles. He was removed to this district in custody. On April 3, 2019, Mr. Wu was released on $300,000 secured bond, with conditions including home incarceration with EM. A change of plea is currently set for November 9, 2020.

2. The command of the bond statute, at 18 U.S.C. §3142(c)(1), is that a

1

defendant should be released on the least restrictive conditions necessary to reasonably ensure the appearance of the defendant and the safety of the community. The uneventful passage of time on bond can change the calculus of what conditions are necessary to reasonably ensure the appearance of the defendant and the safety of the community. *See United States v. Hutchins,* 298 F. Supp. 3d 1205 (E.D. Wis. 2017) ("When defendants establish that they will abide by their obligation to appear in court, logic dictates that the justification for imposing the existing release conditions lessens. ... Put differently, if the Bail Reform Act requires no more than the least restrictive conditions needed to reasonably assure the defendant's appearance, then consistent compliance with existing conditions counsels in favor of reducing their severity on the theory that lesser conditions will suffice.")

3. Mr. Wu is doing really well on bond. Over eighteen months have elapsed without issues. Mr. Wu has attended court, reported to pretrial as directed, complied with his EM requirements, had no positive drug tests, and had no arrests or police contacts. He is working a job that does not involve finance or investments or loans or anything remotely resembling his prior work or his present charges.

4. With respect to continued electronic monitoring, it has now been shown not to be necessary. Mr. Wu is not running, and he is not committing any crimes. Eighteen months of excellent conduct puts Mr. Wu's level of risk in a different light that it was in April of 2019. Additionally, EM is a significant use of resources for pretrial services, and pretrial services is under a lot of pressure right now with a lot of people on bond, new

cases still coming in, and resolution of cases occurring only slowly. EM resources are in particularly short supply.

5. With respect to internet and phone access, prior to March, Mr. Wu and his counsel were meeting on a regular basis to go over discovery.[1] The telephone has been an inadequate substitute. There are just too many documents involved. With zoom and email, this could work, but Mr. Wu has not had internet access. Counsel needs Mr. Wu to work to have some internet access in order to work with his attorney, and Mr. Wu needs some access in order to function in modern society. He does not want to go back into business for himself, he does not want to do anything to affect his case, he does not want to contact witnesses, and he does not wish to cause more trouble for himself.

6. The bond conditions in this case originally stated "Defendant will not access any device that has internet access…" and "Defendant will not use the phone except to communicate with his attorneys, his parents, or his sisters." This Court has since then authorized Mr. Wu to use the internet at his attorney's office in his job search, and to use the telephone for purposes ancillary to his job and trial preparation. (That definitely does not include contact with any potential witnesses or anyone connected with this case.) He has a phone that has no internet access. His parents removed the internet from their home in order to make sure that there was no question about Mr. Wu's bond compliance.

---

[1] This case remains dauntingly complex. The issue of guilt or innocence is relatively simple; Mr. Wu made false statements which were material to the financial choices of some of the people Mr. Wu was working with. The amount of loss remains really complicated.

3

7. With respect to internet access, Mr. Wu has no problem with the idea that he should be prohibited from contacting any possible victim in this case. Mr. Wu would like to be able to use the internet for the normal purposes people use the internet, to communicate with his counsel, and to assist in the preparation of his case for trial and/or sentencing. The following condition is proposed:

> **The condition of release prohibiting internet access use is modified to permit Mr. Wu to access the internet, with the exception that he may not contact directly or indirectly anyone the government has identified as a victim of this offense except through counsel.**

8. Mr. Wu would like to be able to use a phone for general purposes. It would be understood that Mr. Wu still cannot contact, call, or communicate anyone who could be labeled a victim in this case except through counsel. Mr. Wu suggests the following language:

> **The condition of release prohibiting phone use is modified to permit Mr. Wu to use a telephone, with the exception that he may not contact directly or indirectly anyone the government has identified as a victim of this offense except through counsel.**

9. Furthermore, as an added safeguard, the defense has no objection to adding the following catchall provision to his bond conditions:

> **Mr. Wu is furthermore prohibited from engaging in any business or financial transactions or dealing involving investments or loans or other people's money. Mr. Wu is furthermore prohibited from engaging in any financial transaction involving more than $500 without notifying his pretrial services officer in advance. This prohibition does not preclude Mr. Wu's counsel from communicating with or providing information to any victim of the offense or their counsel.**

The intent of this provision is simple; to state in clear terms that, while on bond, Mr. Wu cannot continue to engage in the business or businesses (or anything even remotely like them) that he was previously engaged in. Between the proposed conditions, Mr. Wu cannot engage in financial business with anyone he was previously involved with, nor anyone new. Mr. Wu understands and accepts this, and the defense does not object to this being made an explicit condition of his bond.

10. Additionally, Mr. Wu and his counsel have discussed and understand that access to the internet would not in any way, shape, or form permit Mr. Wu to delete or alter any evidence potentially relevant to this case that might exist anywhere. No specific bond condition is required addressing this; such actions, if undertaken by Mr. Wu or any other person, are already prohibited by multiple federal criminal statutes.

11. Counsel has communicated with Mr. Wu's supervising pretrial services officer, Mr. Pace Morrison, concerning these matters. Pretrial services supports the request to remove electronic monitoring. Pretrial services takes no position as to the proposed changes in internet or phone access, as pretrial has no ability to monitor those things anyways.

12. There is a requirement attached to the order setting conditions of release that any request to modify conditions of release requires notice to the sureties. Mr. Wu's parents are sureties in this case. Counsel has conferred with Mr. Wu's father, and the parents have no objection to the proposed modifications.

Therefore, it is respectfully suggested that the proposed modifications of conditions of release would continue to ensure the appearance of the defendant and the safety of the community, while being true to the idea that bond conditions should be the least restrictive conditions necessary to do so. For all these reasons, defendant Wu respectfully requests this Court to modify his conditions of release remove electronic monitoring, and to permit some phone and internet use as outlined above.

                                                  Respectfully submitted,

                                                  FEDERAL DEFENDER PROGRAM
                                                  John F. Murphy
                                                  Executive Director

                                                  By: */s/ Daniel J. Hesler*
                                                        Daniel J. Hesler

DANIEL J. HESLER
FEDERAL DEFENDER PROGRAM
55 E. Monroe St., Suite 2800
Chicago, IL   60603
(312) 621-8347

## **CERTIFICATE OF SERVICE**

The undersigned, Daniel J. Hesler, an attorney with the Federal Defender Program hereby certifies that in accordance with FED.R.CIV.P5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document(s):

DEFENDANT RAYMOND WU'S MOTION FOR
MODIFICATION OF CONDITIONS OF BOND TO REMOVE EM
AND ALLOW LIMITED INTERNET AND TELEPHONE ACCESS

was served pursuant to the district court's ECF system as to ECF filings, if any, and were sent by first-class mail/hand delivery on October 5, 2020, to counsel/parties that are non-ECF filers.

Pace Morrison
Senior Officer
United States Pretrial Services
219 S. Dearborn Street – Room 15100
Chicago, IL   60604

By:   */s/Daniel J. Hesler*
DANIEL J. HESLER
FEDERAL DEFENDER PROGRAM
55 E. Monroe St., Suite 2800
Chicago, Illinois 60603
(312) 621-8347