FILED
12/9/2020
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 18 CR 852 |
| v. | ) |
| | ) Hon. Rebecca R. Pallmeyer |
| RAYMOND WU | ) |
| | ) |

PLEA DECLARATION

The defendant, RAYMOND WU, after extensive consultation with his attorney, DANIEL HESLER, acknowledges and states the following:

1. He has been indicted on four counts of wire fraud in violation of 18 U.S.C. §§ 1343. In summary, the indictment charges that Mr. Wu devised and participated in a scheme to defraud and obtain money by means of materially false and fraudulent representations, and that interstate wire communications were used in furtherance of that scheme, in violation of 18 U.S.C. §§ 1343.

2. He has read the charges against his contained in the indictment, and those charges have been fully explained to him by his attorney.

3. He fully understands the nature and elements of the crimes with which he has been charged.

4. He will enter a voluntary plea of guilty to each of the charges contained in Counts One through Four of the indictment.

1

Factual Basis

5. He will plead guilty because he is in fact guilty of the charges contained in the indictment. In pleading guilty, Mr. Wu acknowledges the following facts to be true:

Beginning sometime prior to March of 2014, and continuing until in or about December 2018, in the Northern District of Illinois, Eastern Division, and elsewhere, defendant Raymond Wu devised, intended to devise, and participated in a scheme to defraud investors and lenders, and to obtain money and property from those investors and lenders by means of materially false and fraudulent pretenses, representations, and promises.

More specifically, Ray Wu worked fundamentally as a business consultant. Mr. Wu's business dealings covered a wide variety of ventures, in a broad array of arrangements. Sometimes he would provide services for money, often he would work for a percentage of ownership in the projects that he was working on, and sometimes he simply provided consulting services concerning investments that could be made elsewhere.

Mr. Wu had a habit of saying what he thought people wanted to hear, of not saying things that would make people uncomfortable or would cause Mr. Wu embarrassment, and of omitting information that people who were entrusting him with their money would definitely have wanted to have known. He also had a habit of moving money between accounts, entities and businesses that did not comport with acceptable practices for

handling other people's money. His intentions were to make his projects succeed for himself and his business partners, investors, and lenders. He wanted to deliver on the promises he made. Nevertheless, he knowingly made multiple material representations to business partners, investors and lenders that were simply false.

For example, in order to conceal the fact that he had been convicted for committing fraud and had been sentenced to serve a year and a day in prison, Mr. Wu falsely represented to business partners, lenders and investors that he would be out of touch for approximately a year because he was being treated for cancer or he was traveling, when, in fact, he was out of touch because he was in federal prison. Mr. Wu also made false representations about the ways in which investors' funds would be used and were used, the status of investors' funds, and his financial status. Mr. Wu used some project funds to pay for personal and business expenses, other project expenses, and to repay other investors.

With respect to Count One, on or about March 25, 2014, in the Northern District of Illinois, Eastern Division, and elsewhere, for the purpose of executing the scheme to defraud, defendant Wu knowingly caused to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, and signals, namely, an interstate transfer of $50,000 from investor Gr.Che. who was in Chicago, Illinois, to defendant Wu, which funds were transferred from an account held by Gr.Che.'s business at Charles Schwab & Co., through Wells Fargo Bank, to a bank account held by defendant Wu's business, Five Fold Equity LLC, at Bank of America, through the Fed Wire system,

which funds were sent by investor Gr.Che. to be invested by defendant Wu, in violation of Title 18, United States Code, Section 1343.

With respect to Count Two, on or about April 29, 2014, in the Northern District of Illinois, Eastern Division, and elsewhere, for the purpose of executing the scheme to defraud, defendant Wu knowingly caused to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, and signals, namely, an interstate transfer of $50,000 from investor Gr.Che. who was in Chicago, Illinois, to defendant Wu, which funds were transferred from an account held by Gr.Che.'s business at Charles Schwab & Co., through Wells Fargo Bank, to a bank account held by defendant Wu's business, Five Fold Equity LLC, at Bank of America, through the Fed Wire system, which funds were sent by investor Gr.Che. to be invested by defendant Wu, in violation of Title 18, United States Code, Section 1343.

With respect to Count Three, on or about October 13, 2017, in the Northern District of Illinois, Eastern Division, and elsewhere, for the purpose of executing the scheme to defraud, defendant Wu knowingly caused to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, and signals, namely, an email from defendant Wu in Los Angeles, California to investor Gr.Che. in Chicago, Illinois, sent by interstate wire through a Google server located outside of the state of Illinois, falsely representing that defendant Wu was making his way back to the United States and would assess the way to transfer funds belonging to investor Gr.Che. from one company to another, in violation of Title 18, United States Code, Section 1343.

With respect to Count Four, on or about April 30, 2018, in the Northern District of Illinois, Eastern Division, and elsewhere, for the purpose of executing the scheme to defraud, defendant Wu knowingly caused to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, and signals, namely, an email from defendant Wu in Los Angeles, California to investor Gr.Che. in Chicago, Illinois, sent by interstate wire through a Google server located outside of the state of Illinois, in which Wu falsely represented that he had taken steps to transfer certain funds belonging to investor Gr.Che. from one company to another, in violation of Title 18, United States Code, Section 1343.

Potential Penalties

6. Mr. Wu understands that each charge contained in the indictment carries a maximum incarceration sentence of twenty years and a maximum fine of $250,000, resulting in a total potential incarceration sentence of 80 years and a maximum fine of $1,000,000. Mr. Wu also understands that the charges collectively carry a term of supervised release of up to three years.

7. Mr. Wu understands that in accord with federal law, 18 U.S.C. §3013, upon entry of judgment of conviction, he will be assessed $100 on each count to which he has pled guilty, in addition to any other penalty imposed, for a total special assessment of $400.

8. Mr. Wu acknowledges that consistent with 18 U.S.C. §3663A, the Court is required to order a defendant to make restitution, minus any credit for funds repaid prior to sentencing.

<u>Guidelines Calculations</u>

9. For the purposes of applying the guidelines promulgated by the United States Sentencing Commission pursuant to 28 U.S.C. § 994, it is Mr. Wu's understanding that the following provisions may apply:

(a) Pursuant to Guideline § 2B1.1(a)(1), the base offense level for the offense is level 7.

(b) Some number of levels may be added depending on this Court's determination as to the loss amount, pursuant to Guideline § 2B1.1(b)(1).

(c) If this Court determines that the offense involved more than 10 victims, 2 levels would be added pursuant to Guideline § 2B1.1(b)(2)(A).

(d) If this Court determines that the offense involved sophisticated means, 2 levels would be added pursuant to Guideline § 2B1.1(b)(10)(C).

(e) Mr. Wu admits his guilt, is remorseful for his conduct, and accepts full responsibility for his actions. He understands that a two-level reduction for acceptance of responsibility under § 3E1.1 may apply. Mr. Wu understands that this reduction is conditional upon a finding by the Court that he has in fact accepted responsibility for his actions.

(f) Furthermore, if the government determines that Mr. Wu has accepted responsibility for his actions in a timely manner, an additional 1 level reduction will be appropriate pursuant to §3E1.1(b).

(g) Mr. Wu reserves the right to request a downward departure or variance on any grounds he deems appropriate. Mr. Wu understands that any decision to depart or vary from the applicable guidelines lies solely within the discretion of the Court.

(h) A likely criminal history category is Category III.

Preliminary Nature of Calculations

10. Mr. Wu and his attorney acknowledge that the above calculations are preliminary in nature and based on facts known to defendant at the time of this Plea Declaration. Mr. Wu understands that the probation office and the government will conduct their own investigations and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final Sentencing Guidelines calculations.

11. Errors in calculations or interpretation of any of the guidelines may be corrected or amended by the defendant prior to sentencing. He may correct these errors or misinterpretations by a statement to the probation office and/or court setting forth the disagreement as to the correct guidelines and their application.

Trial Rights and Appellate Rights

12. Mr. Wu understands that by pleading guilty he surrenders certain rights, including the following:

(a) If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government and the judge all must agree that the trial be conducted by the judge without a jury.

(b) If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt, and that it was to consider each count of the indictment separately.

(c) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded of defendant's guilt beyond a reasonable doubt.

(d) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. He would be under no obligation to do so, however, because he is presumed to be innocent and thus need not prove his innocence. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(e) At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

13. Mr. Wu understands that by pleading guilty he is waiving all the rights set forth in the prior paragraph. By pleading guilty Mr. Wu admits he is guilty and agrees that he should be found guilty. Mr. Wu's attorney has explained those rights to him, and the consequences of his waiver of those rights. Mr. Wu further understands that he is waiving all appellate issues that might have been available if he had exercised his right to trial, and only may appeal the validity of this plea of guilty or the sentence.

Limitations and Consequences of this Plea Declaration

14. Mr. Wu understands that the United States Attorney's Office will inform the District Court and the United States Probation Office of the nature, scope, and extent of his conduct regarding these charges and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing. Mr. Wu further understands that he will be able to present evidence in mitigation for sentencing.

15. Mr. Wu understands that at the time of sentencing, the government and the defendant will be free to make their respective recommendations to the Court as they deem appropriate.

16. Mr. Wu understands that the sentencing guidelines are no longer mandatory, and that this Court's decision as to what sentence constitutes a sentence "sufficient, but not greater than necessary" to comply with the purposes set forth in 18 U.S.C. § 3553(a) may result in a sentence either within, greater, or less than the applicable sentencing guideline range. Mr. Wu understands that the applicable sentencing guideline range is one factor which this Court is required to take into consideration under 18 U.S.C. § 3553(a)(4), along with the other required factors under § 3553(a).

17.     Should this Court refuse to accept Mr. Wu's plea of guilty, this Plea Declaration shall become null and void and defendant will not be bound thereto. It is the defendant's position that, should the Court decline to accept his plea, this Plea Declaration and the ensuing court proceedings are inadmissible in later court proceedings pursuant to Federal Rule of Evidence 410.

18.     Mr. Wu agrees that this Plea Declaration shall be filed and become part of the record of the case.

19.     Mr. Wu and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, to induce him to plead guilty. Mr. Wu further acknowledges that he has read this Plea Declaration and carefully reviewed each provision with his attorney.

Signed this \_\_\_9th\_\_\_ day of December, 2020

_____
Raymond Wu, Defendant

FEDERAL DEFENDER PROGRAM
John F. Murphy,
Executive Director

By: _____
Daniel Hesler
Attorney for Defendant

DANIEL HESLER
FEDERAL DEFENDER PROGRAM
55 East Monroe Street, Suite 2800
Chicago, IL 60603
(312) 621-8347