IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) No. 18 CR 852 |
| v. | ) |
| | ) Hon. Rebecca R. Pallmeyer |
| RAYMOND WU | ) |

**DEFENDANT WU'S UPDATED MOTION
TO ALLOW TRAVEL**

Defendant RAYMOND WU, by the FEDERAL DEFENDER PROGRAM and its attorney DANIEL J. HESLER, respectfully requests that an order be entered allowing Mr. Wu to travel to California for approximately four days in July of 2021. In support of this motion, defendant states as follows:

1. As stated in the previous motion to allow travel, Mr. Wu would like to make a short trip out to California to clean out a storage facility. *See* ECF #101.

2. On June 7, this Court entered an order stating "… The court agrees that emptying the storage unit is an appropriate step, but Mr. Wu has not explained why he alone is capable of accomplishing this, nor has he proposed a custodian or other mechanism for assuring his prompt return. The motion is denied without prejudice." ECF #102. This filing is essentially a response to that order.

3. Mr. Wu has now explored what it would take to get someone else to handle this for him. He has determined that a shipping company could ship everything back, but he would have to also hire movers (at a 2 hour minimum,

although it might not take that long) to take the things out of the storage locker; the shippers will not do that. There would be some additional costs; the task is a combination of moving, packing, shipping, and coordinating. The combined cost is likely to be around $4,500. In comparison, he believes he could get airfare out there for around $300, spend about $300 for a motel room for three nights, and probably spend around $700 to ship things back. The total cost would be around $1350. One difference is that Mr. Wu could essentially dispose of the big things out in California, as opposed to sending them back here. If he were to bring another person with him (which would be his father, if the Court required that), that would cost around another $300 in airfare. It would still be a lot cheaper than having everything done for him.

    4.    As to what would keep Mr. Wu from fleeing, the answer is that the same things that keep him from fleeing now would function if he went to California. Mr. Wu has been on bond for well over two years. He has not been on EM for quite some time. However, his parents have posted their house as collateral for his bond. Moreover, Mr. Wu does not intend to give up his life in this country, even if he may be going away for awhile. All that being said, Mr. Wu could be ordered to call pretrial daily when he is away, and his father would be willing to travel to California if necessary. His father will not be doing any moving or lifting, as he is in his 70's, but he could go. But the defense's basic position is that is not necessary. Mr. Wu

could have fled a long time ago if he were going to. He is not going to.[1] There is nothing about this trip that makes the possibility of flight more likely.

5. The defense is hoping that a short status, whether in person or on the telephone (and the defense takes no position on that), could be held so this could be discussed. It would be hoped that that the assigned pretrial officer would be present, at least telephonically. Although pretrial services is not taking any position on this motion, it would seem that information about Mr. Wu's level of compliance with court directives over the past 27 months would be relevant to this decision.

Wherefore, defendant respectfully seeks an order granting him leave to travel to California for up to 4 days sometime in July of 2021, with the dates and itinerary to be provided to Pretrial in advance of his departure.

                                             Respectfully submitted,

                                             FEDERAL DEFENDER PROGRAM
                                             John F. Murphy,
                                             Executive Director

                                             By:    *s/ Daniel J. Hesler*
                                                         Daniel J. Hesler

DANIEL J. HESLER
Federal Defender Program
55 E. Monroe, Suite 2800
Chicago, IL  60603
(312) 621-8347

---

[1] The government has responded to every request the defense has made in the last two years by reiterating its version of Mr. Wu's life before December of 2018, and probably will do so again. Mr. Wu has pled guilty and is accepting responsibility for his actions, but is hoping that a more holistic view of his life and character, including his conduct since April of 2018, can be taken into consideration.

## **CERTIFICATE OF SERVICE**

      The undersigned, <u>Daniel J. Hesler</u>, an attorney with the Federal Defender Program hereby certifies that in accordance with FED.R.CIV.P5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document(s):

**DEFENDANT WU'S UPDATED MOTION
TO ALLOW TRAVEL**

was served pursuant to the district court's ECF system as to ECF filings, if any, and were sent by first-class mail/hand delivery on <u>June 28, 2021</u>, to counsel/parties that are non-ECF filers.

      By:   <u>*/s/Daniel J. Hesler*</u>
               DANIEL J. HESLER
               FEDERAL DEFENDER PROGRAM
               55 E. Monroe St., Suite 2800
               Chicago, Illinois 60603
               (312) 621-8347