UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RAYMOND WU | No. 18 CR 852<br><br>Rebecca R. Pallmeyer |

**GOVERNMENT'S RESPONSE TO**
**DEFENDANT'S UPDATED MOTION TO TRAVEL**

The United States of America, by JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, respectfully requests that the Court deny defendant Raymond Wu's motion to travel to California for four days.

The defendant has identified a way to clear out his storage locker in California without travelling to California for four days. He has solved the problem of how to proceed. He does not need to travel to California to clear out his storage locker.

The defendant's complaint is that it will cost him $4,500 to have his property shipped to him. The defendant does not say that he cannot afford to pay the shipping costs. The defendant's sole argument, at this point, is that he wants to save money by traveling to California. The issue is whether the defendant's shipping costs outweigh the costs to the government and judicial system if the defendant flees.

Allowing the defendant to travel to California, even in the company of his father, provides the defendant an easy opportunity to flee. The defendant can simply walk away and live comfortably in Los Angeles or any other city. According to the PSR, the

1

defendant lived in Los Angeles for approximately eight years, and had a residence in Las Vegas, Nevada for approximately four years. He is familiar with those cities, which would help him, if he decided to hide.

Defense counsel argues that "Mr. Wu does not intend to give up his life in this country, even if he may be going away for awhile." Def.Mtn at 2. The defendant does not have to give up his life in this country in order to flee. As long as law enforcement does not know where he is, the defendant can live anywhere he wants.[1]

The defendant has now pled guilty to having committed the charged fraud, and he is facing a substantial sentence. According to the PSR, the projected advisory Guidelines range is 108 to 135 months.[2] At this point, the defendant does not know what sentence will be imposed, but he knows that there is a risk that he will spend years in prison. He also knows that the sentencing is scheduled for the end of August, so the chance to flee is rapidly diminishing. That provides a strong motive for the defendant to flee.

In *United States v. Beam*, 19 CR 698, the defendant's bond allowed the defendant to travel anywhere within the continental United States. The defendant travelled to California, and then flew to Bali, Indonesia, using someone else's passport. The Marshal's

---

[1] Defense counsel also argues that the defendant has complied with his bond conditions for two years. Although the defendant may have complied with all of the bond conditions since his release, that is required of the defendant. He remains out on bond because he is in compliance with the conditions of his bond.

[2] Clearly the sentence may be significantly lower since the Court is free to impose any appropriate sentence. Moreover, the defense counsel has filed a motion challenging the 3-level enhancement relating to committing a crime while on bond, and there may be other enhancements, such as the loss enhancement, that defense counsel will challenge.

Service expended a huge amount of time, resources, and money to locate and apprehend the defendant, which included the cost of flying overseas in order to transport the defendant back to the United States.

If defendant Wu flees while he is in California, the cost of locating him and apprehending him will be substantial, and it could involve a significant delay to sentencing. Moreover, if Wu flees and is not located, the justice system and sentencing goals will be thwarted. There will be no restitution paid, and there will be no resolution for the victims. The purposes of sentencing, including the imposition of a just sentence, and the need for deterrence and respect for the law, would be undermined.

The defendant's motion should be denied based on balancing the factors here. On one hand is the amount that it will cost Wu to ship his personal property. On the other hand, is the amount that it will cost the government to apprehend Wu if he flees, and the cost to the judicial system, if he is not apprehended.

Finally, several of the victims in this case live in California. If the defendant is allowed to travel to California, he should not be allowed to contact any victims.

## **Conclusion**

The government respectfully requests that the defendant's motion to travel be denied.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

By: *s/ Jacqueline Stern*
JACQUELINE STERN
Assistant U.S. Attorney
219 South Dearborn St., Rm. 500
Chicago, Illinois 60604   (312) 353-5329
