UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 18 CR 852 |
| v. | ) | |
| | ) | Hon. Rebecca R. Pallmeyer |
| RAYMOND WU | ) | |

DEFENDANT WU'S MOTION TO ALLOW COLLECTION OF FUNDS
AND TO ALLOW PRE-SENTENCING RESTITUTION

Defendant RAYMOND WU, by the FEDERAL DEFENDER PROGRAM and its attorney DANIEL J. HESLER, moves this Court to allow Ray to collect funds held by the Illinois Department of Treasury and make an early payment to restitution. In support of this motion, the defendant states as follows:

1. As this Court knows, Mr. Wu has been charged with and has pled guilty to wire fraud. He has been out on bond for well over two years. There have been no violation reports whatsoever. Sentencing is set for August 31, 2021.

2. According to his conditions of Bond, Mr. Wu is not allowed to engage in any financial transactions of over $500 without first informing Pretrial Services.

3. In July 2021, Mr. Wu received a letter from the Office of the Illinois State Treasurer saying they have $9,500.00 in unclaimed funds. Reportedly, the

money was turned over from a casino in Nevada.[1] Mr. Wu believes that this is essentially not his money, although he is the person that the Illinois treasurer wants to turn it over to. He believes it represents funds that were used for making reservations for and entertaining clients at the resort and casino. He also believes that the funds were intermixed from the various projects he was working on. He would like to return the full $9500 to the victims of this offense. Because he does not have exact accounting records, it makes sense to do so proportionally to the parties who will be listed for restitution purposes after the sentencing. Essentially, it should be applied towards restitution.

4. Mr. Wu has not acted on that letter. Because it would be a transaction well over $500, he is seeking Court permission before he does anything.

5. Mr. Wu would like permission from the court to collect this money and then immediately upon collection transfer it to the Clerk of Court pursuant to 28 U.S.C. §2041 with the intention that this money be applied towards restitution upon entry of a criminal judgment in this case, pursuant to 28 U.S.C. 2042. However, in order for the clerk's office to collect restitution prior to sentencing, the clerk's office needs an order directing it to do so. (Otherwise, the clerk's

---

[1] The documentation can be supplied to the Court, but the name of the casino and the relevant claim numbers that Mr. Wu received do not seem like they should be listed on a public filing.

office's normal response would be "we have no record of any money being owed on this case currently," which would be true.)

6. Counsel has informed pretrial of this plan.

For these reasons, defendant Raymond Wu respectfully requests this Court allow him to collect the $9,500 from the Office of the Illinois State Treasurer, with the understanding that he will promptly[2] turn this money over to the Clerk of Court for an early restitution payment pursuant to 28 U.S.C. §2041. A draft order that would accomplish those things, and which incorporates the relevant statutory language, is attached as exhibit A.

---

[2] By "promptly," the defense means that Mr. Wu would collect the funds by whatever process the Illinois Treasurer has (which probably means getting a check made out to him), deposit it, allow it to clear, and then bring a cashier's check to the Clerk's office. The defense would like this to happen as soon as possible, in advance of the sentencing. Defense counsel has contemplated alternatives which don't go through Mr. Wu, but suspects that the alternatives would require something officially directing the Illinois Treasurer to do something other than their normal course of action, and that such an order would typically need to come from a state court judge, and possibly require the filing of a civil action. Given the complexity of that and the negative consequences to Mr. Wu if he were to do anything other than what is being outlined here, the most efficient way to get these funds to the victims is through Mr. Wu. It would not be in Mr. Wu's interest to do anything other than what he is supposed to.

Respectfully submitted,

FEDERAL DEFENDER PROGRAM
John F. Murphy
Executive Director


By: /s/ Daniel J. Hesler
     Daniel J. Hesler


DANIEL J. HESLER
FEDERAL DEFENDER PROGRAM
55 E. Monroe St., Suite 2800
Chicago, IL 60603
(312) 621-8347

## **CERTIFICATE OF SERVICE**

    The undersigned, Daniel J. Hesler, an attorney with the Federal Defender Program hereby certifies that in accordance with FED.R.CIV.P5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document(s):

DEFENDANT WU'S MOTION TO ALLOW COLLECTION OF FUNDS
AND TO ALLOW PRE-SENTENCING RESTITUTION

was served pursuant to the district court's ECF system as to ECF filings, if any, and were sent by first-class mail/hand delivery on July 16, 2021, to counsel/parties that are non-ECF filers.

                    By:    */s/Daniel J. Hesle*
                              DANIEL J. HESLER
                              FEDERAL DEFENDER PROGRAM
                              55 E. Monroe St., Suite 2800
                              Chicago, Illinois 60603
                              (312) 621-8347

# Exhibit A
## Proposed Order

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 18 CR 852 |
| v. | ) | |
| | ) | Hon. Rebecca R. Pallmeyer |
| RAYMOND WU | ) | |

ORDER

Upon the motion of the defendant, it is hereby ordered that the defendant may claim and collect $9,500 from the Office of the Illinois State Treasurer and promptly turn it over to the Clerk of the Court in this district.

It is also hereby ordered that, pursuant to 28 U.S.C. § 2041, the Clerk of the Court shall accept from the defendant or his designated representative payment of funds from the defendant, and maintain such payment on deposit in the court's registry until the time of sentencing in this case; and it is further ordered that, pursuant to 28 U.S.C. § 2042, upon entry of a criminal judgment in this case, the Clerk of the Court shall withdraw and apply the deposited funds, plus any accrued interest, to the criminal financial obligations imposed against the defendant.

ENTER:

_____
U.S. District Court Judge

DATED:_____