# Exhibit A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEIZURE OF: | FBI Case No. 318B-CG-2775666 |
| FIVE CASHIER'S CHECKS IN THE AMOUNT OF $12,244.25 REMITTED TO THE UNITED STATES MARSHALS SERVICE Asset ID: 19-FBI-001498; | |
| SIX GENTS DESIGNER WATCHES; Asset ID: 19-FBI-001895 | |
| CASHIER'S CHECK IN THE AMOUNT OF $20,000 REMITTED TO THE UNITED STATES MARSHALS SERVICE Asset ID: 19-FBI-002194 | |
| NONJUDICIAL CIVIL FORFEITURE PROCEEDING | |

## **AGREEMENT**

The United States of America, by its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, and DANIEL J. HESLER, on behalf of Raymond Wu, hereby agree to settle and compromise the dispute relating to six gents' designer watches, upon the following terms, and stipulate as follows:

1.      On or about January 4, 2019, an attorney for an individual, who was associated with Wu, voluntarily turned over to the FBI certain property, which included six gents' designer watches ("the watches").

2.    The FBI began administrative forfeiture proceedings against certain property, including the watches, and sent written notice of the United States' intention to forfeit the watches to all interested parties, as required by 18 U.S.C. § 983(a)(1)(A).

3.    On April 4, 2019, Wu submitted a timely claim with the FBI to contest the administrative forfeiture of certain property, including the watches. The FBI subsequently referred the matter to the United States Attorney's Office for initiation of judicial forfeiture proceedings against certain property, including the watches.

4.    No other party has filed a claim to the watches as required by law in the non-judicial civil forfeiture proceeding, which is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6), and the time for any other party to file a claim to the subject property has expired under 18 U.S.C. § 983(a)(2)(A)-(E).

5.    Wu hereby withdraws his claim to the six gents' designer watches. Wu agrees that the watches shall be administratively forfeited to and shall vest in the United States of America for disposition according to law.

6.    The Claimant further agrees that the total amount of funds turned over to FBI on or about January 4, 2019, to which the Claimants filed a claim, is $32,244.25. The funds are currently held by the United States Marshals Service. The Claimant agrees that, in lieu of proceeding with the forfeiture of the subject funds, the United States will file an agreed order directing the turnover of the subject funds held by the United States Marshals Service to the Clerk of Court, after the payment of government costs, to be applied to the restitution judgment.

7.      Wu hereby agrees to accept this agreement as full and complete satisfaction of any and all claims which he might have against the United States, its agents and employees, and any state or local authorities, arising from this seizure. Wu hereby waives and forever discharges the United States, its agents and employees, and any state or local authorities, from any and all claims, suits, or demands whatsoever in law or equity which Wu, his heirs, successors or assignees ever had, now have, or may have in the future, arising out of or related in any way to the investigation, seizure, or forfeiture of the watches.

8.      This agreement may be executed in counterparts, all of which, when taken together, shall constitute one agreement with the same force and effect as if all signatures had been entered on one document.

9.      This agreement represents the entire agreement between the United States and Wu concerning the watches and may not be altered, amended, or modified, except in writing and signed by all parties.

10.     The parties understand and expressly agree that this agreement has been freely and voluntarily entered into and that no oral or written representations or promises of any kind, unless specifically contained in this agreement, have been made or relied upon by either party.

11.     This agreement is not admissible in any proceeding, civil or criminal, except for purposes of enforcing or interpreting the terms of the agreement.

12.     Each party agrees to bear it own costs and attorney's fees incurred in this matter.

13.     Wu understands that forfeiture of the watches shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon Wu. In this case, however, the United States agrees that it will seek an order directing the United States Marshals Service to transfer the net proceeds from the sale of the watches to the Clerk of the Court, to be applied in partial satisfaction of any restitution judgment entered in this case against Wu.

JOHN R. LAUSCH, JR.                     RAYMOND WU
United States Attorney                  Defendant


JACQUELINE     Digitally signed by JACQUELINE
STERN          STERN
               Date: 2021.08.26 15:10:49 -05'00'
_____         _____
By: JACQUELINE STERN                    By: DANIEL J. HESLER
Assistant U.S. Attorney                 Attorney for Defendant

4